# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ANGIE YERTON,**

    Plaintiff,

vs.                                                   CIVIL NO. 01-832 DJS/RLP

**STATE OF NEW MEXICO, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand and for Attorney Fees filed August 17, 2001. Plaintiff is seeking an order remanding this lawsuit to state court. Plaintiff asserts that Defendants' Notice of Removal was untimely. The Court, having reviewed the pleadings and being otherwise advised in the premises finds that Plaintiff's Motion is well taken and will be granted in part.

Procedural History

Plaintiff filed her "Complaint for Retaliation and Violation of Equal Protection Clause of United States" on May 17, 2000. The Complaint was not served. Plaintiff filed an "Amended Complaint for Retaliation" on July 24, 2000. This Complaint was served on the Defendants. In the state court proceedings, Defendants served interrogatories on the Plaintiff. On February 23, 2001 Plaintiff served her answers to the Defendants. In her

1

responses, Plaintiff asserted that her rights under the United States Constitution and Title VII had been violated.  Specifically, Plaintiff's responses stated that Defendants violated her "[p]rocedural due process of law"," her "[s]ubstantive due process of law", and her rights under the "Fourth Amendment."

The state court held a hearing on Defendants' Motion for Summary Judgment to dismiss Plaintiff's claim of intentional infliction of emotional distress.  The court granted the motion.  At that time, the Plaintiff moved to strike her "Amended Complaint for Retaliation" and to reinstate her original complaint, "Complaint for Retaliation and Violation of Equal Protection Clause of the United States Constitution."  An order granting this motion was entered by the state court judge on July 17, 2001.  The Notice of Removal was filed July 18, 2001.

Law

Under 28 U.S.C. Sec. 1446(b) a notice of removal "shall be filed within thirty days" of receipt of either an initial pleading setting forth a claim or within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case" is removable.  Specifically, the statute states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other  paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity] of this title more than 1 year after commencement of the action.

28 U.S.C. Sec. 1446(b).

Discussion

Plaintiff argues that her answers to interrogatories served on February 23, 2001 was notice under 28 U.S.C. Sec. 1446(b).  Thus, Defendants' notice of removal filed July 18,2001 would be untimely.  Defendants argue that notice did not begin until the state court's reinstatement of Plaintiff's initial complaint on July 17, 2001.  The court finds that Defendants had notice pursuant to 28 U.S.C. Sec. 1446(b) that Plaintiff's lawsuit was removable on February 23, 2001.  Defendants' Notice of Removal filed July 18, 2001 is untimely.

The issue is when, in this matter, the thirty day statutory time period began to run as to it's removability.  The Tenth Circuit has stated this occurs when the defendant is able to "intelligently ascertain removability." [1]   Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998).  The Court requires "clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory."  Id.  In this matter, removability was clearly ascertainable in Plaintiff's responses to Defendants' interrogatories.

Defendants rely on two mistaken propositions.  First, Defendants argue that a case may not be removed until the federal question appears on the face of the complaint.  This is referred to the "well-pleaded complaint rule."  Defendants misapprehend the meaning of the rule.  This rule allows the Plaintiff to be the "master of the claim."  Garley v. Sandia

---

[1] Plaintiff also argues that the "Amended Complaint for Retaliation" stated a federal cause of action and thus started the clock running as to removability.  The Court need not decide if Defendants could have ascertained removability from the face of the Amended Complaint.  Since removal statues are construed in favor of remand, it is not unreasonable for Defendants to not file a removal notice if the complaint is ambiguous.  Akin, 156 F.3d at 1036.

3

Corporation, 236 F.3d 1200, 1207 (10th Cir. 2001).  Thus, cases brought in state court may not be removed even if a federal defense is anticipated.  Id.  As pointed out by the Second Circuit in Freeman v. Burlington Broadcasters, Inc., 204 F.3d 311, 317 (2nd Cir. 2000), the well-pleaded complaint rule "is concerned with the existence of a federal question on the face of the document invoking a state's court's jurisdiction, not whether the document bears the label 'complaint.'"  The rule is a "protection against the undue expansion of federal court jurisdiction that would occur if a plaintiff with only a state law claim could invoke federal jurisdiction simply by speculating that the defendant might assert a federal defense. "  Id. at 318.

Defendants' interpretation of the rule is contrary to the express wording in the statute.   Clearly, pursuant to 28 U.S.C. Sec. 1446(b), documents other than a complaint may demonstrate that a federal question is at issue.  When federal jurisdiction is not evidenced in the initial pleading, an "other paper" triggers the removal statute of limitation.  Thus, Defendants' argument fails.

Defendants further argue that the "other paper" provision applies only when federal court jurisdiction is based on diversity.   This argument, again, is contrary to the express wording of the statute.  Under 28 U.S.C. Sec. 1441, an action may be removed to a United States district court that has original jurisdiction.  The only distinction in 28 U.S.C. Sec. 1446(b) between diversity and federal question jurisdiction is that diversity removal must be within one year of when the action was commenced.  There is no time limit on the removal of a federal question case.  The distinction argued by the Defendants is not supported by the case law.  Soto v. Apple Towing, 111 F. Supp. 2d 222 (E.D.N.Y. 2000)(In

federal question matter, court adopts reasoning of Tenth Circuit in <u>Akin v. Ashland Chemical Company</u>, 156 F.3d 1030 (10th Cir. 1998)); <u>Leffall v. Dallas Independent School District</u>, 28 F.3d 521, 523 (5th Cir. 1994)("[T]he removal clock began to run in the instant case only when the defendants received a pleading that revealed on its face that Leffall was asserting a cause of action based on federal law.); <u>Jackson v. Mississippi Farm Bureau Mut. Ins. Co.</u>, 947 F. Supp. 252 (S. D. Miss. 1996).

Untimely removal is a defect in the removal procedure. A defect in removal procedure renders a case improperly removed. <u>Huffman v. Saul Holdings Ltd. Partnership</u>, 194 F.3d 1072, 1076 (10th Cir. 1999). The Court will remand this matter to state court.

Plaintiff requests that this court order the Defendants to pay "just costs and actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. Sec. 1447(c). The Court will take this request under advisement.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Remand and For Attorney Fees is granted in part.

**IT IS FURTHER ORDERED** that this action is remanded to the State of New Mexico, Second Judicial District, Bernalillo County.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**